Blake A. Surbey
McCarron & Diess
4530 Wisconsin Avenue, N.W., Suite 301
Washington, DC 20016
Telephone: (202) 364-0400
Facsimile: (202) 364-2731
Email: bsurbey@mccarronlaw.com

Attorneys for Plaintiff Fruit Royale, Inc.

Justin T. Campagne (CBN 211825)
Campagne & Campagne
A Professional Corporation
Airport Office Center
1685 North Helm Avenue
Fresno, California 93727
Telephone: (559) 255-1637
Facsimile: (559) 252-9617
Email: jcampagne@campagnelaw.com

Attorneys for Plaintiff Fruit Royale, Inc.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**BAKERSFIELD DIVISION**

| | |
|---|---|
| FRUIT ROYALE, INC. | Case No. |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| EXPORTADORA ACOGRAPES, LTDA., | |
| Defendants. | |

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

COMPLAINT

Plaintiff Fruit Royale, Inc. ("Fruit Royale" or "Plaintiff") for its complaint against Defendant Exportadora Acograpes, LTDA ("Acograpes" or "Defendant") alleges:

## JURISDICTION AND VENUE

1. Subject matter jurisdiction is based on 28 U.S.C. § 1332. Personal jurisdiction exists over each Defendant as they transact business in this district and/or a substantial part of the events or omissions giving rise to the claim occurred in this District.

2. Venue in this District is based on 28 U.S.C. § 1391 in that Fruit Royale's principal place of business is in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

3. Plaintiff, Fruit Royale, is a California corporation with its principal place of business in Delano California, engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ("produce").

4. Defendant Acograpes is a Chilean company growing and exporting grapes into the United States.

## GENERAL ALLEGATIONS

5. In 2019 and 2020, Plaintiff and Defendant entered agreements through which Plaintiff agreed to "act on behalf of [Defendant] as a sales and marketing agent in North America" for certain table grapes grown in Chile for the 2020 and 2021 Chilean table grape seasons. Both parties discharged their respective responsibilities to each other under these agreements..

6. Based on the parties' mutually successful relationship during the 2020 and 2021 seasons on or about November 15, 2021, Plaintiff and Defendant entered into two (2) agreements (collectively, the "Agreements").

7. Under the first Agreement ("Agreement 1"), Plaintiff agreed to "act on behalf of [Defendant] as a sales and marketing agent in North America" for certain grapes grown by Agroandina, LTDA and shipped to Plaintiff by Defendant during the 2022 Chilean table grape season, which ran from approximately mid-February through mid-May 2022 (the "2022 Chilean Grape Season").

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

COMPLAINT

8. Under Agreement 1, Defendant agreed to ship to Plaintiff 4,000 boxes of Sugarone table grapes, 7,000 boxes of Thompson seedless table grapes, 12,000 boxes of Crimson seedless table grapes, and 10,000 boxes of Perlon (Queen Red) table grapes (collectively, the "Agreement 1 Grapes").

9. Plaintiff agreed to and did advance to Defendant a total of $399,850.00 before receiving the Agreement 1 Grapes.

10. Plaintiff received only 27,974 boxes of table grapes under Agreement 1.

11. Under the second Agreement ("Agreement 2"), Plaintiff agreed to "act on behalf of [Defendant] as a sales and marketing agent in North America" during the 2022 Chilean Grape Season for certain grapes grown by Defendant and shipped to Plaintiff by Defendant.

12. Under Agreement 2, Defendant agreed to ship to Plaintiff 18,000 boxes of Perlon (Queen Red) table grapes, 8,000 boxes of Crimson seedless table grapes, 3,000 boxes of Inia Grape One (Maylen) table grapes, 5,000 boxes of Autumn Royal table grapes, 2,000 boxes of Fire Star (New red seedless) table grapes, and 4,000 boxes of Red Globe table grapes (collectively, the "Agreement 2 Grapes") (the Agreement 1 Grapes and the Agreement 2 Grapes are collectively, the "Grapes").

13. Plaintiff agreed to and did advance to Defendant the total amount of $587,700.00 before it received the Agreement 2 Grapes.

14. Plaintiff received 48,690 boxes of table grapes under Agreement 2.

15. Defendant shipped all of the Grapes to the port in Philadelphia, PA.

**The Grapes Arrived with Quality and Condition Problems**

16. During the 2022 Chilean Grape Season, Chilean grapes imported into the United States had known quality and condition problems that arose from weather conditions in Chile, such as scarce rain during growth and excessive rain during harvest, and significant logistical delays during transportation.

17. During the 2021 Chilean Table Grape Season, no vessel that shipped grapes from Defendant to Plaintiff was at sea for longer than twenty-five (25) days.

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

COMPLAINT

Page 2

18. During the 2022 Chilean Table Grape Season, eight (8) vessels that shipped the Grapes were at sea for twenty-eight (28) days or more.

19. During the 2021 Chilean Table Grape Season the average length of time that the grapes shipped by Defendant to Plaintiff were at sea was eighteen (18) days.

20. During the 2022 Chilean Table Grapes Seasons, the average length of time that the Grapes were at sea was twenty-seven (27) days.

21. Because of the extensive quality and condition problems with the Grapes, which were exasperated by the logistical delays during shipment, market prices for Chilean Grapes were generally lower than anticipated.

**The Quality and Condition Problems Resulted in Significant Losses to Plaintiff**

22. As Defendant's agent, Plaintiff was entitled to deduct its expenses for the Grapes, including a commission of 10% for marketing the Grapes, the shipping and freight costs, and the amount of its advances, from the gross sale proceeds of the Grapes.

23. Plaintiff sold the Agreement 1 Grapes for the total gross amount of $400,561.29.

24. Plaintiff was entitled to commissions of $40,056.13 from its sales of the Agreement 1 Grapes.

25. Plaintiff incurred expenses in the amount of $275,639.32 to import and market the Agreement 1 Grapes, which included the cost of ocean freight, customs fees, in and out fees, and cold storage fees.

26. After deducting its expenses, commissions, and the advance from the gross sale proceeds of the Agreement 1 Grapes, Plaintiff incurred a loss of $314,984.00, as follows:

| | |
|---|---:|
| Gross Sales of Agreement 1 Grapes: | $400,561.30 |
| Less | |
| Commissions of 10%: | ($40,056.13) |
| Expenses: | ($275,639.32) |
| Advances: | ($399,850.00) |
| Net Return (Loss) | ($314,984.15) |

\\\

27. Plaintiff sold the Agreement 2 Grapes for the total gross amount of $587,865.87.

28. Plaintiff was entitled to deduct commissions of $58,786.59 from its sales of the Agreement 2 Grapes.

29. Plaintiff incurred expenses in the amount of $469,818.04 to import and market the Agreement 2 Grapes, which included the cost of ocean freight, customs fees, in and out fees, and cold storage fees.

30. After deducting its expenses, commissions, and the advance from its gross sale proceeds of the Agreement 2 Grapes, Plaintiff incurred a loss of $528,438.26, as follows:

| | |
|---|---|
| Gross Sales of Agreement 2 Grapes: | $587,866.42 |
| Less | |
| Commissions of 10%: | ($58,786.64) |
| Expenses: | ($469,818.04) |
| Advances: | ($587,700.00) |
| Net Return (Loss) | ($528,438.26) |

31. Plaintiff provided an accounting of its sales and losses to Acograpes and requested reimbursement for its expenses and losses, but Acograpes refused to issue any payment to Plaintiff.

32. Defendant Acograpes now owes Plaintiff the total amount of $843,422.41 between the two (2) Agreements, no part of which has been paid.

## Count 1

## Breach of Contract (Agreement 1)

33. Plaintiff incorporates by reference and re-alleges each and every allegation set forth in Paragraphs 1 – 32 as if fully set forth herein.

34. Plaintiff fulfilled all of its obligations under Agreement 1.

35. Defendant was required to ship Plaintiff grapes that were of sufficient quality and condition to be sold and marketed in the U.S. market.

\\\

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

COMPLAINT

Page 4

36. A substantial portion of the Agreement 1 Grapes were not of sufficient quality and condition to be sold and marketed in the U.S. market.

37. Plaintiff was entitled to deduct its expenses from the sales of the Grapes and be reimbursed for any losses.

38. Defendant has refused to reimburse Plaintiff.

39. As a direct and proximate result of Defendant's breaches of Agreement 1, Plaintiff has suffered damages in the amount of $314,984.15, plus prejudgment interest.

WHEREFORE, Plaintiff requests judgment against Defendant on Count 1 in the amount of $314,984.15, plus prejudgment interest, and any other relief deemed just and owing.

**Count 2**

**Breach of Contract (Agreement 2)**

40. Plaintiff incorporates by reference and re-alleges each and every allegation set forth in Paragraphs 1 – 39 as if fully set forth herein.

41. Plaintiff fulfilled all of its obligations under Agreement 2.

42. Defendant was required to ship Plaintiff grapes that were of sufficient quality and condition to be sold and marketed in the U.S. market.

43. A substantial portion of the Agreement 2 Grapes were not of sufficient quality and condition to be sold and marketed in the U.S. market.

44. Plaintiff was entitled to deduct its expenses from the sales of the Grapes and be reimbursed for any losses.

45. Defendant has refused to reimburse Plaintiff.

46. As a direct and proximate result of Defendant's breach of Agreement 2, Plaintiff has suffered damages, including but not limited to incidental and consequential damages in the amount of $528,438.26, plus the costs and disbursements incurred in this action, plus pre- and post-judgment interest.

\\\
\\\

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

COMPLAINT

Page 5

WHEREFORE, Plaintiff requests judgment against Defendant on Count 2 in the amount of $528,438.26, plus prejudgment interest, and any other relief deemed just and owing.

### Count 3

### Unjust Enrichment (Agreement 1)

47. Plaintiff incorporates by reference and re-alleges each and every allegation set forth in Paragraphs 1 – 46 as if fully set forth herein.

48. Plaintiff was Defendant's agent for the sale of the Agreement 1 Grapes.

49. Plaintiff fulfilled all of its obligations under Agreement 1, including advancing payment for the grapes and paying the expenses to bring the grapes to the market in the United States, and providing an accounting of the sales and losses to Defendant.

50. Defendant received the benefit of the advance payments for the Agreement 1 Grapes but has not reimbursed Plaintiff for its expenses and losses, as required by Agreement 1.

51. As a direct and proximate result of Defendant's failure to pay Plaintiff under Agreement 1, Defendant has been unjustly enriched in the amount of $314,984.15 at the expense of Plaintiff.

WHEREFORE, Plaintiff requests judgment against Defendant on Count 3 in the amount of $314,984.15, plus prejudgment interest, and any other relief deemed just and owing.

### Count 4

### Unjust Enrichment (Agreement 2)

52. Plaintiff incorporates by reference and re-alleges each and every allegation set forth in Paragraphs 1 – 51 as if fully set forth herein.

53. Plaintiff was Defendant's agent for the sale of the Agreement 2 Grapes.

54. Plaintiff fulfilled all of its obligations under Agreement 2, including advancing payment for the grapes and paying the expenses to bring the grapes to the

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

COMPLAINT

Page 6

1 market in the United States, and providing an accounting of the sales and losses to Defendant.

55. Defendant received the benefit of the advance payments for the Agreement 2 Grapes but has not reimbursed Plaintiff for its expenses and losses, as required under Agreement 2.

56. As a direct and proximate result of Defendant's failure to pay Plaintiff under Agreement 2, Defendant has been unjustly enriched in the amount of $528,438.26 at the expense of Plaintiff.

WHEREFORE, Plaintiff requests judgment against Defendant on Count 4 in the amount of $528,438.26, plus prejudgment interest, and any other relief deemed just and owing.

## Count 5

### Breach of Implied Covenant of Good Faith and Fair Dealing (Agreement 1)

57. Plaintiff incorporates by reference and re-alleges each and every allegation set forth in Paragraphs 1 – 56 as if fully set forth herein.

58. Agreement 1 contained an implied covenant of good faith and fair dealing.

59. Under Agreement 1, Plaintiff advanced Defendant funds for the grapes, incurred expenses to market the grapes, and provided an accounting to Defendant showing that Defendant owed Plaintiff money for the grapes Plaintiff sold as Defendant's agent.

60. Defendant has refused to pay Plaintiff, Defendant's agent, for its expenses and losses.

61. Defendant's refusal and failure to reimburse Plaintiff for the expenses and losses it incurred in importing and marketing the Agreement 1 Grapes is in bad faith.

62. As a direct and proximate result of Defendant's breach of its duties to operate in good faith and deal fairly with Plaintiff under Agreement 1, Plaintiff has incurred expenses and losses in the amount of $314,984.15.

\\\
\\\

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

COMPLAINT

Page 7

WHEREFORE, Plaintiff requests judgment against Defendant on Count 5 in the amount of $314,984.15, plus prejudgment interest, and any other relief deemed just and owing.

## Count 6

### Breach of Implied Covenant of Good Faith and Fair Dealing (Agreement 2)

63. Plaintiff incorporates by reference and re-alleges each and every allegation set forth in Paragraphs 1 – 62 as if fully set forth herein.

64. Agreement 2 contained an implied covenant of good faith and fair dealing.

65. Under Agreement 2, Plaintiff advanced Defendant funds for the grapes, incurred expenses to market the grapes, and provided an accounting to Defendant showing that Defendant owed Plaintiff money for the grapes Plaintiff sold as Defendant's agent.

66. Defendant has refused to pay Plaintiff, Defendant's agent, for its expenses and losses.

67. Defendant's refusal and failure to reimburse Plaintiff for the expenses and losses it incurred in importing and marketing the Agreement 2 Grapes is in bad faith.

68. As a direct and proximate result of Defendant's breach of its duties to operate in good faith and deal fairly with Plaintiff under Agreement 2, Plaintiff has incurred expense sand losses in the amount of $528,438.26.

WHEREFORE, Plaintiff requests judgment against Defendant on Count 2 in the amount of $528,438.26, plus prejudgment interest, and any other relief deemed just and owing.

## Count 7

### Breach of Warranties (Agreement 1)

69. Plaintiff incorporates by reference and re-alleges each and every allegation set forth in Paragraphs 1 – 68 as if fully set forth herein.

70. Defendant implicitly warranted that the Agreement 1 Grapes were of merchantable quality and fit for resale in the United States marketplace.

\\\

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

COMPLAINT

Page 8

71. Defendant breached that warranty by delivering grapes to the Plaintiff under Agreement 1 that were not merchantable.

72. Defendant implicitly warranted that the Agreement 1 Grapes were in suitable shipping condition to arrive in the United States without excessive quality and condition defects.

73. Defendant breached that warranty by delivering grapes to Plaintiff under Agreement 1 that Defendant knew or should have known were not in suitable shipping condition.

74. Defendant implicitly warranted that the Agreement 1 Grapes were fit for a particular purpose-resale in the United States.

75. Defendant breached that warranty by delivering grapes to Plaintiff under Agreement 1 that Defendant knew or should have known were not fit for resale in the United States.

76. Plaintiff has been damaged under Agreement 1 by virtue of Defendant's breach of its implied warranties of merchantability, suitable shipping condition, and fitness for a particular purpose in the amount of $314,984.15.

WHEREFORE, Plaintiff requests judgment against Defendant on Count 7 in the amount of $314,984.15, plus prejudgment interest, and any other relief deemed just and owing.

**Count 8**

**Breach of Warranties (Agreement 2)**

77. Plaintiff incorporates by reference and re-alleges each and every allegation set forth in Paragraphs 1 – 76 as if fully set forth herein.

78. Defendant implicitly warranted that the Agreement 2 Grapes were of merchantable quality and fit for resale in the United States marketplace.

79. Defendant breached that warranty by delivering grapes to the Plaintiff under Agreement 2 that were not merchantable.

\\\

80. Defendant implicitly warranted that the Agreement 2 Grapes were in suitable shipping condition and would arrive in the United States without excessive quality and condition defects.

81. Defendant breached that warranty by delivering grapes to Plaintiff under Agreement 2 that Defendant knew or should have known were not in suitable shipping condition.

82. Defendant implicitly warranted that the Agreement 2 Grapes were fit for a particular purpose-resale in the United States.

83. Defendant breached that warranty by delivering grapes to Plaintiff under Agreement 2 that Defendant knew or should have known were not fit for a particular purpose.

84. Plaintiff has been damaged under Agreement 2 by virtue of Defendant's breach of its implied warranties of merchantability, suitable shipping condition, and fitness for a particular purpose in the amount of $528,438.26.

WHEREFORE, Plaintiff requests judgment against Defendant on Count 2 in the amount of $528,438.26, plus prejudgment interest, and any other relief deemed just and owing.

## Count 9

### Prejudgment Interest

85. Plaintiff incorporates by reference and re-alleges each and every allegation set forth in Paragraphs 1 – 84 as if fully set forth herein.

86. Plaintiff advanced funds and expenses to market the Grapes.

87. Defendant's failure and refusal to reimburse Plaintiff for its expenses has resulted in the loss of use of those funds.

88. Plaintiff is entitled to prejudgment interest at the rate of 10% per annum on the amount found due and owing to Defendant.

\\\

\\\

1 | WHEREFORE, Plaintiff requests prejudgment interest in the amount of 10% per annum be assessed on the amount due and owing Defendant.

Dated: December 29, 2022

Respectfully submitted,

Law Firm of Campagne & Campagne
A Professional Corporation

By   /s/ Justin T. Campagne
         Justin T. Campagne
Attorneys for Plaintiff Fruit Royale, Inc.

F:\DATA\docs\Fruit Royale\Pleadings\Complaint.docx

CAMPAGNE & CAMPAGNE
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

COMPLAINT

Page 11